UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------- x

UNITED STATES OF AMERICA :

- v - : 24 Cr. 12 (VM)

VICTOR MONTANEZ, :

Defendant. :

--------------------------------------------------- x

**REPLY SENTENCING MEMORANDUM ON BEHALF OF VICTOR MONTANEZ**

TAMARA GIWA, ESQ.
Federal Defenders of New York, Inc.
Attorney for Defendant
VICTOR MONTANEZ
52 Duane Street - 10th Floor
New York, New York 10007
Tel.: (646) 588-8317

MARTIN S. COHEN
*Of Counsel*

TO: JAY CLAYTON, ESQ.
United States Attorney
Southern District of New York
One. St. Andrew's Plaza
New York, New York 10007
Attn: DOMINIC GENTILE, ESQ.
Assistant United States Attorney

Federal Defenders
OF NEW YORK, INC.

Southern District
52 Duane Street, 10th Floor
New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

Tamara Giwa
*Executive Director*

Jennifer L. Brown
*Attorney-in-Charge*

January 27, 2026

*By ECF and e-mail*

Honorable Victor Marerro
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *United States v. Victor Montanez*, 24 Cr. 12 (VM)

Dear Judge Marerro:

I write to respond to two points in the Government's sentencing submission.

*First*, the Government wrongly asserts that Mr. Montanez was in close proximity to others when he fired in their direction. But the screen shot it provides on page 3 of its submission, which it entitles "defendant begins to fire at group," does not clearly show what happened or where Mr. Montanez may have been aiming when he fired a gun. The videotape, which is attached to this letter, shows a group of men apparently following Mr. Montanez and then surrounding him. *See* Video at 3:57.[1] Mr. Montanez then appears to do something that makes one man run away, and the others slowly jog away. *See id.* at 4:15 to 4:23. But the video is not clear what in fact happened in the moment. The video then appears to show Mr. Montanez firing a gun from behind a car, but the video again is not clear as to where he's aiming, and does not establish by a preponderance of the evidence that Mr. Montanez was trying to kill another person. *See id.* at 4:23-4:25. As described in our initial submission, Mr. Montanez then walks out into the middle of the street and fires down the block, but by the time he does so, the group of men have run down the block and begun to disperse. *See* Video at 4:25 to 4:33; Defendant's Submission at 8-9; Exhibits K and L.[2]

After this encounter, Mr. Montanez fired again in the direction of someone who was around 200 feet away from him and running. *See id.* at 9; Exhibit M. Mr. Montanez's conduct is again consistent with extraordinary recklessness that put others in grave danger, rather than

[1] The relevant sequence for this event runs, in its entirety, from 3:57 to 4:45.

[2] The references to these exhibits in our original submission were wrong. On page 9, the reference to Exhibit L, the video still, should have referred to Exhibit K; the reference to Exhibit M, the google-map printout, should have referred to Exhibit L; and the reference to Exhibit N, another video still, should have referred to Exhibit M.

Re: *United States v. Victor Montanez*, 24 Cr. 12 (VM)

establishing a specific intent to kill. The two cases cited by the Government do not lead to an alternate conclusion.

The facts in *United States v. Scott*, 2025 WL 3537339 (2d Cir. December 10, 2025) (unpublished) are not analogous to the facts here. The defendant in that case "stood just a few feet away from the victim and fired his gun directly at him at least three different times." *United States v. Scott*, 21 Cr. 429 (AT), *Gov't Sentencing Submission*, Dkt. No. 106, at 3 (S.D.N.Y. August 31, 2022). "Even as the victim lay defenseless in the street, the defendant showed no sign of stopping until the mother intervened, approached the defendant with her hands in the air, and said that the defendant would have to kill them all." *Id.*

As for *Green*, another unpublished case, the government's argument is a non sequitur. In that case, Judge Kaplan found that the defendant was trying to kill another person when he shot multiple times at someone through the window of a car. *See United States v. Green*, 2023 WL 7180645 (2d Cir. Nov. 1, 2023). Because Judge Kaplan found attempted murder in a case where no one was hit, and the Second Circuit found no clear error in that determination, the Government argues that this Court should therefore find attempted murder here because an innocent bystander was grazed by a bullet. *See* Gov't Submission at 11. But the fact that a person was accidently grazed by a bullet does not tell the Court anything about intent. Here, Mr. Montanez fired in the direction of other people when they were a considerable distance away. Reckless, dangerous conduct to be sure, but the surveillance videos do not and cannot establish by a preponderance of the evidence that Mr. Montanez acted with the specific intent to kill.

*Second*, I appreciate the Government's conclusion that the Guidelines enhancement for "serious bodily injury" should not apply because the victim's wounds were superficial. *See* Gov't Submission at 12. I write to point out that in its submission, the Government wrongly suggested that the victim's injuries were more extensive. *See id.* at 7 ("the defendant chose to arm himself again this time discharging a firearm in public and causing serious injury to an innocent bystander"); *id.* at 9 (arguing for a higher sentence, "particularly in a case involving a violent public shooting that seriously injured an innocent bystander.").

As argued, Mr. Montanez's conduct was extraordinarily risky, profoundly dangerous, and serious. The surveillance videos, though, do not prove by a preponderance of the evidence that Mr. Montanez was specifically trying to kill another person, and the Guidelines should be calculated accordingly. Moreover, the nature of the offense is not the only consideration in imposing sentence. For the reasons described, Mr. Montanez has fundamentally changed over the past 27 months, and there are other mitigating factors which warrant the imposition of a significant incarceratory term that, taking all of these circumstances into account, and looking forward, prioritizes supervision over endless incarceration.

Re: *United States v. Victor Montanez*, 24 Cr. 12 (VM)

Respectfully submitted,

/s/

Martin S. Cohen
Ass't Federal Defender
Tel.: (646) 588-8317

Cc. Dominic Gentile, Esq. by ECF and e-mail